UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RANDY KYLES,

             Plaintiff,

v.                                                    Case No. 05-74692
                                                      Hon. Sean F. Cox

CITY OF DETROIT, et al.,

             Defendants.

_____

## OPINION AND ORDER

This matter is before the Court on Defendant Wayne County's Motion for summary

judgment.  Both parties fully briefed the issues and a hearing was held January 11, 2007.  For the

following reasons, the Court **GRANTS** the Wayne County Defendants' Motion for summary

judgment with respect to Plaintiff's claims of: (1) false imprisonment against David Simon and

Chris Wroblewski; (2) assault and battery against David Simon and Chris Wroblewski; (3) gross

negligence against David Simon and Chris Wroblewski; and (4) violation of the Fourth and

Fourteenth Amendment pursuant to §1983 against all Wayne County Defendants.  The Court

**DENIES** the Wayne County Defendants' Motion for summary judgment with respect to

Plaintiff's claims of:  (1) false imprisonment against William Johnson and John Doe II; (2)

assault and battery against William Johnson and John Doe II; and (3) gross negligence against

William Johnson and John Doe II.

1

## I.    BACKGROUND

This action arises out of the arrest of Plaintiff, Randy Kyles.

In 1997, an individual named "Darrin Bass" was arrested in the City of Detroit. According to Plaintiff, his fingerprints were incorrectly classified. On July 29, 2005, the same individual was arrested for a felony. At the time of his arrest, Bass gave the name of "Randy Kyles" and a date of birth of March 12, 1984. Plaintiff claims the fingerprints were wrongly classified and officers accepted without investigating that the individual was Randy Kyles, born March 12, 1984. Darrin Bass a/k/a "Randy Kyles" failed to appear for the preliminary exam and a capias warrant was issued for his arrest. The warrant was entered in the Law Enforcement Information Network ("LEIN") system under the name "Randy Kyles."

On October 24, 2005, Plaintiff was stopped by two Detroit police officers for a suspected traffic violation. Plaintiff told the officers that his name was "Randy Kyles" and gave them a date of birth of March 12, 1984. The officers ran a LEIN check on the name "Randy Kyles" and found that he was wanted on a felony warrant.

Plaintiff claims he told the officers he could not have committed the offenses so there should not be any warrants against him. Plaintiff was nonetheless arrested. The officers took Plaintiff to the local police station. Plaintiff was fingerprinted and photographed. His fingerprints were transmitted to the City Police Department's Records and Identification Section. At the Records Section, two officers determined that Plaintiff's fingerprints were different from those on file under the name "Randy Kyles." One of the Records Section officers informed an officer operating the LEIN system that the fingerprints were "new," *e.g*., had not previously been taken. The LEIN operator failed to inform anyone at the police station of the inconsistency.

Plaintiff claims all of the officers involved in his arrest and detention failed to ensure they had the correct person sought in the felony warrant.

On October 25, 2005, Plaintiff was confined to the Wayne County Jail by court order, pending another hearing on November 7, 2005.  Plaintiff was again fingerprinted and photographed at the Wayne County Jail.  Plaintiff claims the Wayne County deputies learned, or should have learned, about inconsistencies in the information regarding Plaintiff.  Defendant Deputy Wroblewski was responsible for classifying inmates into a particular security level using several factors.  Plaintiff claims that while Wroblewski was classifying him, he learned that Plaintiff was previously an inmate, yet did not appear to have a criminal history.  Plaintiff claims Wroblewski should have investigated further.  While at the Wayne County Jail, Plaintiff alleges he told Defendant Deputy William Johnson and another deputy that he was not the person named in the warrant and that he was being wrongfully detained.

On November 2, 2005, Plaintiff's uncle and grandmother went to a local Detroit police station asserting that Plaintiff was wrongfully charged and detained.  The officer called a sergeant at the Wayne County Jail, but nothing was done.  On November 4, 2005, following inquiries made by the Detroit Free Press, a photograph and fingerprint comparison was made and the case was dismissed against Plaintiff.

On November 22, 2005, Plaintiff filed a Complaint in the Wayne County Circuit Court. The case was removed to this Court on December 9, 2005.  A Third Amended Complaint was filed November 29, 2006, alleging: (1) violation of the Fourth Amendment pursuant to 42 USC §1983 against the individual Defendants; (2) violation of the Fourth Amendment pursuant to 42 USC §1983 against the City of Detroit and Wayne County; (3) gross negligence against the

individual Defendants; and (4) assault and battery/false imprisonment against the individual

Defendants.  Plaintiff requests damages in the amount of $1 million.

On September 29, 2006, Wayne County Defendants: (1) Wayne County; (2) Deputy

Richard Legreair; (3) Deputy Eric Peoples; and (4) Deputy Derrick Anderson, moved for

summary judgment.  Plaintiff's intervening Third Amended Complaint eliminated the individual

Defendants Legreair, Peoples, and Anderson.  Four new Wayne County deputies were added as

Defendants:  (1) William Johnson; (2) D. Simon; (3) Chris Wroblewski; and (4) John Doe II.

The new individual Defendants were added to the instant Motion via an Addendum filed January

11, 2007.  Plaintiff filed a Response as to those Defendants on January 18, 2007.

## II.    STANDARD OF REVIEW

Under Fed. R. Civ. P 56(c), summary judgment may be granted "if the pleadings,

depositions, answers to interrogatories, and admissions on file, together with the affidavits, if

any, show that there is no genuine issue as to any material fact and that the moving party is

entitled to judgment as a matter of law."  *Copeland v. Machulis*, 57 F.3d 476, 478 (6th Cir. 1995).

A fact is "material" and precludes a grant of summary judgment if "proof of that fact would have

[the] effect of establishing or refuting one of the essential elements of the cause of action or

defense asserted by the parties, and would necessarily affect application of appropriate

principle[s] of law to the rights and obligations of the parties."  *Kendall v. Hoover Co.*, 751 F.2d

171, 174 (6th Cir. 1984).  The court must view the evidence in the light most favorable to the

nonmoving party and it must also draw all reasonable inferences in the nonmoving party's favor.

*Cox v. Kentucky Dept. of Transp.*, 53 F.3d 146, 150 (6th Cir. 1995).

4

## IV.   ANALYSIS

### A.   False Imprisonment

Defendant asserts that there is no claim for false imprisonment because Plaintiff's arrest was lawful.  Plaintiff argues that Defendant is liable because deputies did not investigate Plaintiff's allegation that he was not the individual wanted in the warrant.  Plaintiff testified that he told two Wayne County deputies that he was not the individual sought by the warrant "at least five days" after he was taken to the Wayne County Jail. [Exhibit A, p. 39].  Thus, Plaintiff informed Wayne County deputies approximately October 29th or 30th of his mistaken identity.  No attempts were made to verify Plaintiff's allegation until November 3, 2005, following an inquiry by the Detroit Free Press.  Plaintiff was released the next day.

"False imprisonment is the unlawful restraint of an individual's personal liberty or freedom of locomotion." *Stowers v. Wolodzko*, 386 Mich. 119, 134 (1971).  The tort of false imprisonment is broader than, but includes, the tort of false arrest involving law enforcement. *Moore v. City of Detroit*, 252 Mich.App. 384, 387 (Mich.App. 2002).  An action for false imprisonment can be maintained without alleging a false arrest.  *Id*.  While it is necessary for a claim of false arrest to establish that the arrest was unlawful, it is not necessary for a claim of false imprisonment that the defendant intend to make an arrest or actually make an arrest. *Peterson Novelties, Inc. v. City of Berkley*, 259 Mich.App. 1, 18 (Mich.App. 2003).

In this case, with regard to the Wayne County Defendants, Plaintiff alleges false imprisonment based on the continued detention of Plaintiff after he told deputies he was not the individual sought in the warrant.  A similar factual situation arose in *Cleveland v. City of Detroit*, 275 F.Supp.2d 832 (E.D. Mich. 2003).  In *Cleveland*, the plaintiff was arrested pursuant to a

5

warrant and held pursuant to a court order.  It turned out there was mistaken identity and the plaintiff was not the individual named in the warrant.  There were factual discrepancies between the personal information given by the plaintiff and what was contained in the warrant.  While she was held, the plaintiff protested to several officers that she was not the individual in the warrant.  None of the officers investigated the plaintiff's allegations.  The plaintiff's appointed counsel presented identification to the court during the plaintiff's preliminary examination and the case was voluntarily dismissed by the prosecutor.  The plaintiff spent two weeks in jail.

The plaintiff filed several claims against the officers involved.  On plaintiff's claim for false imprisonment, the district court ruled that the arresting officers, the LEIN operator who verified the validity of the warrant, the officer at the records department who received the plaintiff's fingerprints, and the officer who transported the plaintiff to a different municipality were not liable for false imprisonment because there was no evidence that they should have known about the mistaken identity and had the responsibility to do anything about it.  However, the district court held that the plaintiff did establish a claim of false imprisonment against the lieutenants working when the plaintiff was initially booked (they had a responsibility to ensure the individual was the person named in the warrant) and the four Genesee County deputies who the plaintiff told of her mistaken identity.  The court noted that the Genesee County deputies had all of the evidence they needed to investigate the plaintiff's allegation available at the jail.  Despite that, the plaintiff was held at the jail for two weeks pursuant to a court order and none of the deputies investigated her identity.

Looking only at the Wayne County Defendants, Plaintiff does establish a claim of false imprisonment against Defendant William Johnson and the John Doe II deputy that he testified he

6

told of his mistaken identity. [Exhibit A, p.39].  The deputies, like those in *Cleveland*, had the documents necessary to investigate Plaintiff's claim available, but failed to review them.  As a result, Plaintiff's detention continued until inquiry from the press resulted in a comparison of Plaintiff's photo and fingerprints.  He was promptly released.  Plaintiff failed to introduce evidence that other Wayne County deputies had notice of Plaintiff's allegations, or had a duty to verify that he was the individual named in the warrant.

Plaintiff does not establish a claim of false imprisonment against Defendant Deputy Wroblewski.  Plaintiff does not direct the Court to any testimony that Wroblewski knew Plaintiff was previously an inmate, and also knew that he did not have a criminal history.  Wroblewski testified that he does not search to see if the person he is classifying has previously been an inmate; rather, he looks to see if there are any behavioral incidents regarding the prisoner. [Supp. Response, Exhibit 17, p.18].  At most, Plaintiff attempts to state a claim for ordinary negligence.

To the extent Plaintiff asserts false imprisonment against Wayne County, Wayne County is entitled to summary judgment.  In Michigan, a governmental entity is not liable for the intentional torts of its employees.  *Payton v. City of Detroit*, 211 Mich.App. 375, 393 (Mich.App. 1995).

### B.    Assault and Battery

Plaintiff premises his claim of assault and battery on the proposition that false imprisonment necessarily includes assault and battery, so he does not have to establish any additional elements.  Plaintiff cites *Fisher v. Rumler*, 239 Mich. 224, 228 (1927), which held that where there is a restraint by false imprisonment, there is a technical assault and an incidental battery.  Plaintiff admitted that Defendants did not mistreat him. [Exhibit A, p.45].

7

Based on *Fisher*, Plaintiff establishes a claim of assault and battery against Defendant William Johnson and Defendant John Doe because he established a claim of false imprisonment against them.

### C.    Gross Negligence

Officers are immune from tort liability for injuries that arise while they are acting on behalf of a governmental agency and within the scope of their authority. MCL §691.1407(2). There is an exception however, when the officers conduct amounts to gross negligence and the gross negligence is the proximate cause of the injury. *Id*. Gross negligence is defined as "conduct so reckless as to demonstrate a substantial lack of concern for whether an injury results." MCL §691.1407(7)(a).

In *Cleveland*, *supra*, the district court found that there was a genuine issue of material fact on whether the Genesee County deputies were grossly negligent in failing to investigate the plaintiff's claims of mistaken identity where the information was readily available. The same circumstance is presented here. Defendants William Johnson and Defendant John Doe II were informed by Plaintiff that he was not the individual sought in the warrant. Despite the availability of the documents necessary to investigate Plaintiff's claim, Defendants did nothing and Plaintiff remained incarcerated. The other Wayne County Defendants are entitled to summary judgment because Plaintiff failed to introduce evidence that they had notice of Plaintiff's allegations, or had a duty to verify that he was the individual named in the warrant.

### D.    42 USC §1983

Plaintiff alleges Wayne County is liable under §1983 because it had a policy of deliberate indifference to prisoner's claims of mistaken identity. Defendant denies there was such a policy

8

or custom.

"The first inquiry in any §1983 suit...is whether the plaintiff has been deprived of a right secured by the Constitution." *Baker v. McCollan*, 443 U.S. 137, 140 (1979). In *Baker*, the Court held that the plaintiff failed to allege a constitutional deprivation under the Fourth or Fourteenth Amendment based on an officer's failure to investigate his claims of wrongful imprisonment due to mistaken identity. The Court noted that under a tort-law analysis, such detention may be wrongful, but the question for purposes of a §1983 claim is whether it was unconstitutional. *Id*. at 142.

A Fourth Amendment claim does not arise out of continued wrongful detention where the arrest was with probable cause because there is no separate determination that there is probable cause to detain an individual pending trial. *Id*. at 142-143. Here, Plaintiff was arrested pursuant to a valid warrant and does not allege false arrest against the Wayne County Defendants. Thus, Plaintiff fails to state a claim of violation of §1983 pursuant to the Fourth Amendment against the Wayne County Defendants.

Whether Plaintiff states a claim pursuant to the Fourteenth Amendment for violation of his due process rights depends, in part, on how long Defendants ignored his allegations that his identity was mistaken. In *Baker*, the Court held that where the plaintiff was held for three days, "[w]hatever claims this situation might give rise to under state tort law...it gives rise to no claim under the United States Constitution." *Baker*, 443 U.S. at 144. The Court noted that neither a sheriff executing an arrest warrant, nor an official charged with maintaining custody of the accused named in the warrant is required by the Constitution to investigate every claim of innocence, even if it is a claim of mistaken identity. *Id*. at 145-146. Moreover, just because

9

Plaintiff stated a claim for false imprisonment under Michigan law, does not equate to a claim under §1983. "[F]alse imprisonment does not become a violation of the Fourteenth Amendment merely because the defendant is a state official." *Id*. at 146.

However, the Baker Court indicated that "depending on what procedures the State affords defendants following arrest and prior to actual trial, mere detention pursuant to a valid warrant but in the face of repeated protests of innocence will after the lapse of a certain amount of time deprive the accused of liberty...without due process of law." *Id*. at 145. Under *Baker*, three days was not enough to trigger a due process violation.

Following Baker, courts were left to determine what length of time is sufficient to state a due process violation. The Sixth Circuit held in *Gray v. Cuyahoga County Sheriff's Department*, 150 F.3d 579, (6th Cir. 1998), that 41 days was sufficient to allege a due process violation. The *Gray* court also cited with approval cases where 30 days and 12 days were enough to allege a due process violation. *Id*. at 582 (citations omitted).

In the *Cleveland* case, *supra*, the district court found that the plaintiff, who was held for two weeks while the exculpatory evidence was available, was closer to the situation in *Gray* than the situation in *Baker*. Thus, the plaintiff in *Cleveland* established a claim for violation of her due process rights.

In this case, similar to *Baker*, Plaintiff fails to establish a violation of his due process rights based on Defendants' failure to investigate his claim of mistaken identity. Looking only at the Wayne County Defendants, Plaintiff did not inform anyone that his was a case of mistaken identity until he had been incarcerated for "at least five days." [Exhibit A, p.39]. Plaintiff testified he told two deputies he was not the individual sought in the warrant. He does not testify

10

that he made any further attempts to seek an investigation of his identity.  In all of the cases cited above, the plaintiffs protested repeatedly to several individuals that their identity was mistaken. Plaintiff was held for approximately five days following his allegation to the deputies.  Under these circumstances, Plaintiff fails to allege a constitutional deprivation.

Because Plaintiff fails to establish a constitutional violation against the Wayne County Defendants, they are entitled to summary judgment on Plaintiff's §1983 claims.

## V.   CONCLUSION

For the foregoing reasons, the Court **GRANTS** the Wayne County Defendants' Motion for summary judgment with respect to Plaintiff's claims of: (1) false imprisonment against David Simon and Chris Wroblewski; (2) assault and battery against David Simon and Chris Wroblewski; (3) gross negligence against David Simon and Chris Wroblewski; and (4) violation of the Fourth and Fourteenth Amendment pursuant to §1983 against all Wayne County Defendants.  The Court **DENIES** the Wayne County Defendants' Motion for summary judgment with respect to Plaintiff's claims of:  (1) false imprisonment against William Johnson and John Doe II; (2) assault and battery against William Johnson and John Doe II; and (3) gross negligence against William Johnson and John Doe II.

IT IS SO ORDERED.

S/Sean F. Cox_____
Sean F. Cox
United States District Judge

Dated:  January 22, 2007

I hereby certify that a copy of the foregoing document was served upon counsel of record on January 22, 2007, by electronic and/or ordinary mail.

S/Jennifer Hernandez_____
Case Manager